MEMORANDUM*
John Eric Carpegna (“Carpegna”) appeals two criminal convictions, each for both the receipt and possession of child pornography. Carpegna challenges the district court’s denial of his motion to suppress in the first trial (“Carpegna I ”), the denial of his motion to dismiss the second indictment (in “Carpegna II”), and his sentencing in Carpegna I for both receipt and possession of child pornography in violation of double jeopardy principles. We affirm the district court’s denial of the motion to suppress and the motion to dismiss the Carpegna II indictment. On the sentencing issue, per the government’s error concession, we reverse and remand.
A. Motion to Suppress
Officer Kluesner’s affidavit — which included GB’s (Carpegna’s girlfriend) observations of pornographic videos on Carpegna’s Whitehall computer, Carpegna’s continued payment for internet service after he destroyed his desktop computer, and his shopping for a laptop computer— provided the requisite probable cause that child pornography would be found at Carpegna’s residence, despite the sexual assault having taken place at the girlfriend’s home. See United States v. Hill, 459 F.3d 966, 970 (9th Cir.2006) (citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
In addition, the search warrant specifically authorized the search for evidence to establish Carpegna’s “means, motive, and intent to commit said crime.” Officer Kluesner’s affidavit provided the requisite probable cause connecting “the evidence sought” to Carpegna’s motive and the “violation of the [sexual assault] statute.” See United States v. Rubio, 727 F.2d 786, 793 (9th Cir.1983). Therefore, the magistrate’s determination was not clearly erroneous.
B. Motion to Dismiss Indictment
The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution prohibits a second prosecution for the same offense following a guilty plea. U.S. Const. amend. V. Two offenses are distinct in law if each charge requires proof of an element not required by the other. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Here, both indictments charge exactly the same two offenses in law — receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and a forfeiture count. Because both offenses are distinct in fact (Carpegna was accused of downloading two separate sets of images on two separate computers during two distinct time periods — one pre-arrest and one post-arrest while on release on bond), there is no double jeopardy violation in the bringing of the Carpegna II indictment.
*127 C. Sentencing for Both Receipt and Possession of Child Pornography
The Fifth Amendment’s prohibition on double jeopardy protects defendants from being punished twice for a single criminal offense. U.S. Const. amend. V.; Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In analyzing the double punishment issue here, the district court in Carpegna I did not have the benefit of intervening authority, which found under Blockburger, see 284 U.S. at 304, 52 S.Ct. 180, that one cannot be convicted of both the receipt and possession of the same images of child pornography without violating double jeopardy principles. See United States v. Davenport, 519 F.3d 940, 943 (9th Cir.2008) (“It is impossible to ‘receive’ something without, at least at the very instant of ‘receipt,’ also ‘possessing’ it.”).
Because the district court sentenced Carpegna to 97 months in prison for both receipt and possession of the same pornographic images, it committed Davenport error. The district court could have rendered this error harmless by sentencing Carpegna under only one of the counts, but did not do so. As such, and because the government concedes error, we find plain error and remand to the district court for a hearing to make a discretionary determination as to which conviction should be vacated. While we appreciate the government’s error concession on this point, we reject its suggestion that the district court be ordered to dismiss the possession count. The ultimate determination of which conviction to vacate lies in the discretion of the district court, not with the prosecutor. See United States v. Hector, 577 F.3d 1099, 1103-04 (9th Cir.2009).
AFFIRMED IN PART and REVERSED AND REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.