**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30053 |
| Plaintiff - Appellee, | D.C. No. 6:07-cr-00013-DWM |
| v. | |
| JOHN ERIC CARPEGNA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

John Eric Carpegna appeals from the 97-month sentence imposed following his guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contrary to Carpegna's contention, this Court's remand did not require or authorize the district court to hold a resentencing hearing; it required that the district court hold a hearing to make a discretionary determination as to which of the two convictions to vacate. *See United States v. Carpegna*, 349 F. Appx. 125, 127 (9th Cir. 2009); *see also Ball v. United States*, 470 U.S. 856, 864 (1985) ("[T]he only remedy . . . is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.").

*United States v. Hector*, 577 F.3d 1099, 1103-04 (9th Cir. 2009), relied on by Carpegna, does not require or allow a resentencing hearing. *Hector* merely recognized that the district court must exercise its discretion to determine which underlying conviction to vacate. *Id.* at 1103.

Finally, 18 U.S.C. § 3742(g) does not require resentencing because 18 U.S.C. § 3742(f) does not apply here. This court's remand addressed the lawfulness of the dual convictions, not the lawfulness of the sentence imposed for receipt of child pornography. *See Carpegna*, 349 F. Appx. at 127; *see also Ball*, 470 U.S. at 864-65 (making clear that it is the second conviction that is unlawful).

**AFFIRMED.**

10-30053