**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Barry Lee ARMBRISTER,**
**Defendant–Appellant.**

No. 08–30367.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed Aug. 18, 2009.

Marcia Kay Hurd, Esquire, Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant-Appellant.

Before: GOODWIN, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Barry Armbrister appeals his conviction and sentencing for receipt of child pornography under 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and now affirm. The facts are well-known to the parties and need not be addressed here.

Armbrister asserts that the district court erred by vacating his possession con-

---

* This disposition is not appropriate for publication and is not precedent except as provided    by 9th Cir. R. 36–3.

viction rather than his receipt conviction under *United States v. Davenport,* 519 F.3d 940 (9th Cir.2008). Today, in *United States v. Hector,* 577 F.3d 1099 (9th Cir. 2009), we hold that where the defendant objects to the government's motion to vacate, the district court is required to use its discretion in determining which conviction to vacate rather than deferring to the prosecutor. However, Armbrister filed a statement of non-objection to the government's motion to vacate his possession conviction. Accordingly, even after our decision in *Hector* it was not plain error for the district court to vacate Armbrister's possession conviction under Federal Rule of Criminal Procedure 48(a). *See Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) (applying Rule 48(a) post-conviction); *United States v. Gonzalez,* 58 F.3d 459 (9th Cir.1995) (reversing a district court for denying a Rule 48(a) motion supported by both the defendant and the government); *United States v. Garcia–Valenzuela,* 232 F.3d 1003 (9th Cir.2000) (noting that both the Supreme Court and this circuit have reserved judgment on whether a consented-to Rule 48(a) motion may *ever* be denied).

The FBI agent obtaining the search warrant did not behave recklessly or intentionally in failing to mention in the search warrant application that Armbrister was not on probation at the time of the search. In addition, the interview between Armbrister's wife and the FBI agent is attenuated enough from the taint of any illegal search to provide an independently adequate basis for the search warrant.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.