**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RICKY LEE HECTOR,
　　　　　*Defendant-Appellant.*

No. 08-30271

D.C. No.
9:07-CR-00073-
DWM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Chief Judge, Presiding

Argued and Submitted
June 5, 2009—Portland, Oregon

Filed August 18, 2009

Before: Alfred T. Goodwin, Diarmuid F. O'Scannlain and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge O'Scannlain

**COUNSEL**

John Rhodes, Assistant Federal Defender, Federal Defenders of Montana, Missoula, Montana argued the cause for Defendant-Appellant and filed briefs. Anthony R. Gallagher, Federal Defender, Federal Defenders of Montana, Missoula, Montana was also on the briefs.

Cyndee L. Peterson, Assistant United States Attorney, Missoula, Montana, argued the cause for the United States and submitted a brief. William W. Mercer, United States Attorney, Missoula, Montana, was on the brief.

**OPINION**

O'SCANNLAIN, Circuit Judge:

As between the prosecutor and the trial judge, who determines which conviction to vacate when a defendant has been convicted of multiplicitous offenses in violation of the Double Jeopardy Clause?

I

Ricky Hector possessed child pornography through a peer-to-peer network which allowed for file-sharing. He pled guilty to both receipt (Count I) and possession (Count II) of child pornography. *See* 18 U.S.C. §§ 2252A(a)(2) (receipt); 2252A(a)(5)(b) (possession). Shortly after he pled, we decided *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008), which held that conviction and sentencing for both receipt and possession violates the Double Jeopardy Clause when the charges are predicated on the same image or set of images.

Hector thereafter moved to vacate either the possession or receipt conviction.[1] The government argued that vacation of the possession conviction was not appropriate until after sentencing on the receipt charge. In his reply brief, "Hector urge[d] the Court to make its decision pre-sentencing and to dismiss the receipt count so that the Court can sentence Mr. Hector in compliance with 18 U.S.C. § 3553(a)." In other words, he did not want the mandatory five-year minimum for receipt to apply to him. *See* 18 U.S.C. § 2252A(b)(1). The defense also noted the difference in the Guidelines base offense level for receipt (22) as opposed to possession (18). *See* U.S.S.G. § 2G2.2. The district court decided to address the matter during sentencing.

At sentencing, the prosecution asserted that the government had the right to determine which charge should go; the defense said that discretion lay with the court. After argument from both sides, the district court stated: "And while I may disagree with [the prosecutor's] position as to who has the

---

[1]For double jeopardy purposes, once a guilty plea has been accepted, the defendant stands convicted. *See United States v. Patterson*, 381 F.3d 859, 864 (9th Cir. 2004). Although some cases refer to post-guilty plea vacations as "dismissals" of "charges," we will use the conviction-based language.

authority [to decide which conviction should be vacated] and when that authority should be exercised, I'm not sure that this is the case that would be appropriate to resolve that." The court then started with the base offense level for receipt of child pornography (level 22) and, with adjustments, arrived at a final offense level of 30. Hector had no criminal history.

After the prosecution argued for its preferred sentence, the court noted that the prosecutor had not moved to vacate either conviction. The prosecutor responded that she would do so after Hector was sentenced on Count I. "Then I'll sentence him on Count II," the court replied. "But I have to sentence him, and I can only sentence him on one count. And if that's your choice, I'm going to sentence him under the count that I believe is appropriate." The prosecution then moved to vacate the possession conviction, and the court granted that motion. The court imposed a sentence for receipt at the low end of the Guidelines range: 97 months. Hector timely appealed.

## II

### A

On appeal, Hector argues that the district court was required to use its discretion in determining whether to vacate the receipt conviction or the possession conviction. Because, in general, "[t]he existence of discretion requires its exercise," *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983), we must reverse and remand if the district court allowed the prosecutor to dictate a choice that should have been made by the court. If a double jeopardy violation occurs, " 'the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.' " *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) (quoting *Ball v. United States*, 470 U.S. 856, 864 (1985)).

B

**[1]** The government first contends that its actions were proper under Rule 48(a) of the Federal Rules of Criminal Procedure. Rule 48(a) states that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Despite the wording of the rule, it is well established that the government may move to dismiss even after a complaint has turned into a conviction because of a guilty plea. *See, e.g.*, *Rinaldi v. United States*, 434 U.S. 22 (1977); *United States v. Gonzalez*, 58 F.3d 459 (9th Cir. 1995).

The government relies on cases in which we reversed the district court for failing to grant a Rule 48(a) motion after a guilty plea had been entered and accepted. *See Gonzalez*, 58 F.3d at 460; *United States v. Garcia-Valenzuela*, 232 F.3d 1003 (9th Cir. 2000); *Vasquez-Ramirez v. United States Dist. Court (Burns)*, 443 F.3d 692 (9th Cir. 2006). However, the government overlooks a common thread running through these cases — in each of them, the defendant had expressly consented, was not required to consent, or affirmatively indicated his non-objection.

In *Gonzalez*, the government moved to vacate one of the counts of conviction because of the defendant's post-plea cooperation and his lack of awareness that conviction of that particular count would lead to his deportation. 58 F.3d at 462. In *Garcia-Valencia*, the government moved to dismiss four out of five counts against the defendant, and his attorney stated that he had no objection. 232 F.3d at 1005. We did not decide whether or not Garcia-Valenzuela consented because the Rule 48(a) motion was made prior to the entry of a plea. *Id.* at 1008 n.5. Finally, in *Vasquez-Ramirez*, we issued a writ of mandamus to force a district court to accept a guilty plea to a violation of 8 U.S.C. § 1325. We assigned the case to a new district judge because the district court had "told the par-

ties that he will not grant any motion the government may file to dismiss the [more serious] section 1326 indictment, even though he would likely have no basis for denying such a motion."[2] 443 F.3d at 701. Again, the case had not reached trial, so the defendant's consent was not necessary for the government to move for dismissal.

The government makes much of some of *Gonzalez*'s language, which appears on its face to support a broad prosecutorial power to decide when to vacate convictions:

> Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

*Gonzalez*, 58 F.3d at 462 (internal citations omitted).

However, our statement cannot be separated from the context in which it was made:

> We emphasize that the degree of deference accorded to the prosecutor's decision in this case hinges in part upon the fact that the defendant consented to the motion. When the defendant contests a Rule 48(a) motion, the motion raises concerns that are not present when a court considers an uncontested motion to dismiss: the district judge . . . must be careful to safeguard [the defendant's] rights.

---

[2]Only if the proposed dismissal "was clearly contrary to manifest public interest" might the district court have had discretion to deny it. *Garcia-Valencia*, 232 F.3d at 1008 (internal quotation marks omitted) (noting that both the Supreme Court and this circuit have reserved judgment on whether a consented-to Rule 48(a) motion may *ever* be denied).

*Id.*

Here, the defendant's right not to "be subject for the same offence to be twice put in jeopardy of life or limb," U.S. CONST. amend. V, is directly implicated.

**[2]** Our case law has consistently recognized the importance of the defendant's consent to a Rule 48(a) motion which seeks to vacate a conviction. In *Patterson*, 381 F.3d 859, the defendant pled guilty to manufacturing marijuana. The plea agreement did not stipulate the number of plants for which he was responsible; that would "be litigated at sentencing." *Id.* at 861 (quoting plea agreement). After the guilty plea but before sentencing, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which required the number of plants to be found beyond a reasonable doubt by the jury or stipulated to by the defendant. The maximum sentence authorized by statute hinged on that number. *See Patterson*, 381 F.3d at 862 (quoting plea colloquy). After *Apprendi*, the district court — over Patterson's objections — vacated his guilty plea and set the case for trial by jury. The jury found that he had manufactured over one hundred plants. Based on that amount, Patterson was sentenced to 188 months in prison.

Concluding that the trial violated Patterson's double jeopardy rights, we reversed. "Once the court accepted the plea . . . the court was not free to vacate the plea on the government's motion." *Id.* at 864. Because the plea was proper, jeopardy had attached. The government could not nullify the count to which Patterson had actually pled in order to recharge him with a new count incorporating all the elements necessary under *Apprendi* for a higher sentence. The court directed the district court to sentence the defendant for the base offense of marijuana distribution (without enhancement based on a certain number of plants). *Id.* at 866.[3]

---

[3]Thus, Patterson could only be sentenced to a maximum of sixty months, eleven years less than what he would have otherwise received. *See Patterson,* 381 F.3d at 866.

**[3]** Our decision in *United States v. Partida-Parra*, 859 F.2d 629 (9th Cir. 1988), buttresses our conclusion. After the defendant entered a guilty plea to a misdemeanor drug offense as part of a plea agreement, the prosecutor asked the court to vacate that conviction to allow the prosecutor to press a felony drug offense. (Apparently there had been a "clerical" error caused by the prosecutor's office). The district court obliged. We reversed, noting that a trial court may change its decision to accept a guilty plea only if there was no "factual basis for the plea" or "upon a showing *by the defendant* of any fair and just reason." *Id.* at 631-32 (quoting Fed. R. Crim. P. 11(f), 32(d)). "Neither Rule 32(d) nor any other provision of the Federal Rules expressly contemplates government motions to set aside a plea." *Id.* at 632.

**[4]** In *Partida-Parra*, we reviewed cases involving a district court's power to undo an accepted plea bargain. After looking at cases from other circuits, we concluded that "the district court is not authorized to go beyond the confines of Rule 11 in accepting or rejecting plea agreements." *Id.* The district court's ability to reject plea agreements prior to accepting them is clearly stated in the Rules. *See* Fed. R. Crim. P. 11(c). In contrast, under *Ellis v. United States Dist. Court* (*Tanner*), 356 F.3d 1198 (9th Cir. 2004) (en banc), the court has very little power not to accept a naked guilty plea. Thus, a fortiori, if the court could not withdraw the plea bargain in *Partida-Parra*, it could not have voided a naked guilty plea under similar circumstances. The government offers no reason for us to conclude the result here should be any different.

## C

**[5]** Nor is the government entitled to retain the greater conviction under *Sasone v. United States,* 380 U.S. 343 (1965). Simply put, *Sasone* teaches that where there is no set of disputed facts that would allow for conviction of a lesser-included offense but not the more serious offense, the defen-

dant does not have the right to a lesser-included offense instruction. Thus, if the government had only charged receipt, and the case had gone to a jury trial, Hector would not have been entitled to a lesser-included instruction unless he produced some evidence that he did not receive any child pornography. This statement may well make the government's point that Hector has no right to stand convicted of and be sentenced on the lesser charge. In such case, however, neither Hector nor the government has the right to determine which charge will stand. Accordingly, consistent with *Ball* and *Schales*, the decision to vacate must lie in the discretion of the district court. Because the district court failed to exercise its own discretion here, it erred.

### III

**[6]** The government argues that any error in Hector's case is harmless because "[t]here is no reason to think that, if Hector received a remand, anything different would occur." We are not telepaths, and we decline the invitation to guess what the district court would have done with its discretion. In any event, the burden of demonstrating the harmlessness of any error is on the government, and it can not sustain that burden given the district court's statement that it would sentence on the possession count if the government did not choose which conviction to vacate. We will instead "ask the person who knows the answer, the sentencing judge." *United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir. 2005) (en banc).

We also decline the government's invitation to decide the matter ourselves on the ground that "*Davenport* . . . was not [about] giving defendants a get-out-of-a-receipt-conviction-free card." In other words, the government would have us believe that Congress intended that the more severe penalty must apply where a defendant's conduct violated two statutes and the prosecutor decided the case warranted the more severe charge. This position is foreclosed by the Supreme Court's decision in *Ball* and its progeny, in which the district

court was instructed to use its discretion even though one count of conviction carried a greater penalty than the other. *See, e.g.*, *Ball*, 470 U.S. at 866 (noting that one statute carried a five-year maximum while the other statute carried a two-year maximum); *Schales*, 546 F.3d at 977-81 (involving a receipt count with a five-year minimum and a twenty-year maximum while the possession count had no minimum and a ten-year maximum).

## IV

**[7]** We reverse and remand for the district court to hold a hearing and then to make a discretionary determination as to which conviction should be vacated.

**REVERSED AND REMANDED.**