FILED

SEP 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10278 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00088-WBS-1 |
| v. | |
| FRANCISCO MORALES-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted August 29, 2011[**]
San Francisco, California

Before:  FISHER and RAWLINSON, Circuit Judges, and WRIGHT, District
Judge.[***]

Francisco Morales-Rodriguez was indicted on one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of

----

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Otis D. Wright II, United States District Judge for the
Central District of California, sitting by designation.

possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He argues that the district court improperly rejected his guilty plea even though it met all the requirements of Federal Rule of Criminal Procedure 11. *See In re Vasquez-Ramirez*, 443 F.3d 692, 695-96 (9th Cir. 2006) ("[A] court must accept an unconditional guilty plea, so long as the Rule 11(b) requirements are met."). Because we cannot discern the basis for the district court's rejection of the plea, we vacate the plea rejection and remand with instructions that the court hold a new plea hearing where the court either accepts Morales-Rodriguez's guilty plea or more clearly articulates the basis for rejecting it. *See United States v. Mancinas-Flores*, 588 F.3d 677, 681-86 (9th Cir. 2009). We emphasize that the district court judge is not obligated to accept the guilty plea if no factual basis for the plea is established during the new plea hearing. In that event, the jury's verdict may be reinstated.

At a pretrial status conference, Morales-Rodriguez's counsel advised the district court that Morales-Rodriguez was prepared to plead guilty, and the government indicated that if he did, it would not object to a sentence reduction for acceptance of responsibility. During the plea colloquy, Morales-Rodriguez said "yes" when the district court asked whether the prosecutor's recitation of the facts providing the basis for the guilty plea was correct, and when asked whether he was

2

pleading guilty voluntarily and not due to any threats, promises or coercion. In response to some of the district court's follow-up questions, however, Morales-Rodriguez gave equivocal answers suggesting that although he wanted to plead guilty, he believed he was innocent. The district court refused to accept his guilty plea, stating "I don't accept guilty pleas from innocent people." Just before trial began, Morales-Rodriguez's counsel again asked the court to let him plead guilty, and the court again refused. Morales-Rodriguez was tried and convicted, and sentenced to 151 months.

By itself, a defendant's statement that he is not actually guilty "does not suggest either that the plea was involuntary or that it lacked a factual basis." *Id.* at 685. The error was not harmless, because it is possible that the district court would have given Morales-Rodriguez the benefit of the acceptance of responsibility reduction, although we do not suggest that the district court was required to do so. "We are not telepaths, and we decline the invitation to guess what the district court would have done;" "[w]e will instead ask the person who knows the answer, the sentencing judge." *United States v. Hector*, 577 F.3d 1099, 1103 (9th Cir. 2009) (internal quotation marks omitted).

**VACATED and REMANDED.**