**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ERIC EVERETT MILLS,<br><br>Defendant - Appellant. | No. 12-10244<br><br>D.C. No. 2:11-cr-00249-KJD-CWH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 18, 2013[**]
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] District
Judge.

Defendant Eric Everett Mills appeals from the district court's imposition of a

sentence of 97 months' imprisonment following his guilty plea for receipt of child

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

pornography, in violation of 18 U.S.C. § 2252A(a)(2) & (b), and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm.

1. We review for plain error Defendant's procedural objections to the district court's decision to vacate the possession conviction. See United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010) ("Where, as here, a defendant failed to object on the ground that the district court erred procedurally in explaining and applying the [18 U.S.C.] § 3553(a) factors, we review only for plain error."). The decision as to which conviction to vacate under United States v. Davenport, 519 F.3d 940 (9th Cir. 2008), lies within the district court's discretion. See United States v. Hector, 577 F.3d 1099, 1103–04 (9th Cir. 2009).

2. Defendant argues that the district court did not consider the § 3553(a) factors. "Trial judges are presumed to know the law and to apply it in making their decisions." Walton v. Arizona, 497 U.S. 639, 653 (1990), overruled on other grounds by Ring v. Arizona, 536 U.S. 584, 609 (2002). Nothing in the record here overcomes that presumption.

3. Nor did the district court commit plain error by failing to explain how the § 3553(a) factors applied. See Olano v. United States, 507 U.S. 725, 734 (1993) (holding that, to constitute "plain" error, an error must be "obvious" or "clear"). Although district courts must consider the § 3553(a) factors, United States v.

2

Maier, 646 F.3d 1148, 1154 (9th Cir.), cert. denied, 132 S. Ct. 601 (2011), we have never held that a district court must explain the specific application of those factors apart from its explanation concerning the choice of an appropriate sentence. The district court's explanation here was careful and thorough.

4. The sentence at the low end of the Guidelines range is not substantively unreasonable in this case. See generally United States v. Carty, 520 F.3d 984 (9th Cir. 2008) (en banc).

**AFFIRMED.**