**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30214 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00072-JLQ-1 |
| v. | MEMORANDUM[*] |
| TIMOTHY JOSEPH CARLSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington,
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted July 12, 2017
Seattle, Washington

Before:    MURPHY,[**] McKEOWN, and NGUYEN, Circuit Judges.

Defendant-Appellant, Timothy Carlson, pleaded guilty to one count

of Receipt of Child Pornography and one count of Possession of Child

Pornography.  *See* 18 U.S.C. § 2252A(a)(2), 2252A(a)(5)(B).  Because of

double jeopardy concerns, the district court vacated Carlson's conviction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

for the lesser-included offense of possession. The district court concluded Carlson's prior Washington state convictions for second degree child molestation[1] triggered a statutory sentencing enhancement because the offenses "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." *Id*. § 2252A(b)(1).

**1.** Section 2252A(b)(1) mandates a mandatory minimum sentence if a defendant convicted of Receipt of Child Pornography has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id*. Carlson argues that, under the categorical approach, his prior Washington convictions are not predicate offenses for purposes of the § 2252A(b)(1) enhancement because the elements of Washington's child molestation statute are not identical to the elements of Sexual Abuse of a Minor, 18 U.S.C. §§ 2243(a), 2244(a). *See Descamps v. United States*, 133 S. Ct. 2276 (2013) (applying the categorical approach in the context of the Armed Career Criminal Act). Carlson's position is contrary to established Ninth Circuit precedent.

---

[1]The district court also ruled Carlson's 1986 Washington conviction for statutory rape was a predicate offense under 18 U.S.C. § 2252A(b)(1). Because we conclude Carlson's child molestation convictions trigger the statutory sentencing enhancement, it is unnecessary to address this ruling.

*In United States v. Sullivan*, this court considered and rejected the argument Carlson advances here.[2]  797 F.3d 623, 638 (9th Cir. 2015) (rejecting defendant's "argument that a prior conviction triggers a sentencing enhancement under . . . § 2252(b)(2) only if the statutory definition of the prior offense is equivalent to a federal generic definition").  Under § 2252A(b)(1), federal courts are not required "to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically 'relating to' such federal offenses." *Id*. at 637-38.  Accordingly, to qualify as a predicate offense under § 2252A(b)(1), Carlson's child molestation conviction must only "relate to" (1) aggravated sexual abuse, (2) sexual abuse, or (3) abusive sexual conduct involving a minor.  *Id*. at 636 (defining the "federal generic offense" as the "class of offenses 'relating to' any of three types of abusive sexual conduct").

Under the applicable standard, Carlson is not entitled to relief.  In *United States v. Baron-Medina*, this court held that "[t]he use of young children as objects of sexual gratification" is per se abuse.  187 F.3d 1144,

---

[2]Although *United States v. Sullivan*, 797 F.3d 623, 636 (9th Cir. 2015) addressed § 2252(b)(2), the relevant language is identical.  *Compare* 18 U.S.C. § 2252(b)(2), *with id*. § 2252A(b)(1).

1147 (9th Cir. 1999); *see also United States v. Lopez-Solis*, 447 F.3d 1201, 1209 (9th Cir. 2006) (interpreting *Baron-Medina* as establishing that "sexual contact with a minor under 14 necessarily involve[s] psychological abuse because a child that young cannot understand the nature of an adult's sexual advances"). The holding in *Baron-Medina* was reexamined and confirmed in *United States v. Medina-Villa*, 567 F.3d 507, 515 (9th Cir. 2009).

Carlson was twice convicted of violating a Washington law that criminalized sexual contact with children aged twelve and thirteen for purposes of sexual gratification. Wash. Rev. Code § 9A.44.086(1) (1992). Under this court's precedent, Carlson's Washington convictions categorically involved conduct that was "necessarily" abusive. *Medina-Villa*, 567 F.3d at 515; *Lopez-Solis*, 447 F.3d at 1209; *Baron-Medina*, 187 F.3d at 1147. Accordingly, the Washington convictions also necessarily "relate to" sexual abuse of a minor.

**2.** Because Possession of Child Pornography is a lesser-included offense of Receipt of Child Pornography, the district court recognized it was required to vacate one of the convictions. *See United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). "The choice of which count

to vacate is fundamentally a sentencing decision" and a district court should use the sentencing factors set out in 18 U.S.C. § 3553(a) as guidance. *United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011). The "district court should exercise its discretion to vacate the lesser-included offense, absent unusual circumstances and compelling reasons to vacate the greater offense." *Id.* (quotation omitted). Here, the district court expressly recognized that its decision implicated Carlson's sentence because the possession conviction carried a ten-year mandatory minimum sentence and the receipt conviction carried a fifteen-year mandatory minimum.

The district court examined the § 3553(a) factors, including Carlson's criminal history, his age and health, and the need to protect the public. As to the need to afford adequate deterrence, the district court expressed its "serious reservations about whether . . . lengthy sentences actually deter other would be possessors of child pornography," calling such sentences "draconian" but recognizing they were statutorily mandated. Based on its analysis, the district court concluded it was appropriate to vacate the lesser-included charge of possession. When the court imposed sentence, however, it stated that the fifteen-year minimum mandatory sentence was "greater

than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." Carlson argues this statement indicates the district court abused its discretion when it dismissed the lesser-included offense because if it, instead, had dismissed the greater offense, it could have sentenced him to a term of imprisonment as low as ten years.

When read in context, the district court's comment can be read in only one way—it is an expression of the court's personal belief that all statutory minimum sentences for child pornography crimes are excessive. Accordingly, the statement does not support Carlson's assertion the court abused its discretion when it dismissed the lesser-included offense instead of the greater offense.

**Affirmed.**