**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   12-16611 |
| Plaintiff-Appellee, | D.C. Nos. 4:11-cv-00179-DCB |
| v. | 4:05-cr-00125-DCB- BPV-3 |
| JULIO MARIO HARO-VERDUGO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   12-16740 |
| Plaintiff-Appellee, | D.C. Nos. 4:11-cv-00245-DCB |
| v. | 4:05-cr-00125-DCB-BPV-2 |
| SERGIO ANTONIO HARO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants Julio Mario Haro-Verdugo ("Julio") and Sergio Antonio Haro ("Sergio") appeal the district court's decision denying each of their motions under 28 U.S.C. § 2255. Reviewing *de novo*, we affirm all claims except one. *See Sanders v. Ratelle*, 21 F.3d 1446, 1451 (9th Cir. 1994). We reverse and remand the second certified issue regarding Sergio's double jeopardy claim.

The district court certified three issues for appeal. The defendants raise three uncertified claims, and Sergio raised two "amended issues" in his supplemental brief. We certify the three uncertified issues because the defendants have made a "substantial showing of the denial of a constitutional right" and reasonable jurists could debate the federal district court's resolution of the claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We dismiss Sergio's two "amended issues" because he did not initially present these issues to the district court. The claims are not properly before this court and are dismissed. *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998).

1.     In the first certified claim, Julio and Sergio claim they were denied their Sixth Amendment right to the effective assistance of counsel based on each of their trial counsels' failure to effectively use government-agent reports to impeach the government agents' credibility. In their joint opening brief, Julio and Sergio

_____

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

stated they were no longer advancing this claim. Sergio's subsequent appeal counsel, however, filed a supplemental opening brief and argued this claim of ineffective assistance in part. Thus, while Julio has waived this claim, we consider Sergio's argument on this claim.

Sergio contends that his Sixth Amendment rights were violated because he lacked access to his full trial file, which, he argues, was necessary for him to identify issues during trial that may have resulted in developing viable claims for his section 2255 motion. Sergio, however, does not point with any particularity to an argument he might have pursued had he had access to his file. He also cites to no authority for the proposition that the lack of personal access to his full trial file violated his Sixth Amendment rights. In short, Sergio fails to show prejudice, a necessary element to succeed on an ineffective assistance of counsel claim on a section 2255 motion. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). Accordingly, Sergio's claim fails. The first certified claim is denied as to both Julio and Sergio.

2. The second certified claim only pertains to Sergio. Sergio contends his appellate counsel was ineffective for failing to raise a violation of his double jeopardy rights when Sergio was convicted and sentenced for engaging in a continuing criminal enterprise and for conspiring to distribute and to possess with intent to distribute marijuana and cocaine. The government concedes on this claim

and agrees that this court should reverse and remand for the district court to decide which convictions to vacate and reconsider Sergio's sentence. *United States v. Hector*, 577 F.3d 1099, 1104 (9th Cir. 2009) (reversing and remanding for the district court to make a discretionary determination as to which conviction should be vacated).

We have previously addressed the underlying double jeopardy question as to one of Sergio's co-defendants in *United States v. Burgos-Valencia*, 2010 U.S. App. LEXIS 5674 (9th Cir. 2010), and granted relief. We rely on our reasoning in *Burgos-Valencia* here. Convicting and sentencing Sergio to the continuing criminal enterprise count and the drug distribution conspiracy counts is plain error, because, here, the same underlying conduct was involved as to all counts, and the drug distribution conspiracy is a lesser-included offense of the continuing criminal enterprise offense. *Id*. at *16–17; *see also Rutledge v. United States*, 517 U.S. 292, 300, 306–07 (1996) (holding that when the same underlying conduct is involved, the drug distribution conspiracy is a lesser-included offense of the continuing criminal enterprise offense and a conviction of both violates double jeopardy). A conviction of the continuing criminal enterprise offense and the lesser-included offenses violates double jeopardy. *Rutledge*, 517 U.S. at 307.

Sergio's counsel was deficient for failing to raise this double jeopardy violation issue, and Sergio was prejudiced by counsel's deficiency where he was

convicted and sentenced on all counts. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to establish an ineffective assistance of counsel claim one must show that counsel's performance was deficient and that the individual was prejudiced by the deficiency). Accordingly, we reverse and remand on this claim related to Sergio's convictions for Counts 1, 3, and 11 for the district court to hold a hearing and then to make a discretionary determination as to which of the convictions should be vacated. Upon vacating either the continuing criminal enterprise conviction or the drug distribution conspiracy convictions, the district court should reconsider the sentence imposed on Sergio.

3. The third certified claim only pertains to Julio. Julio argues that he was denied his Sixth Amendment right to effective assistance of counsel based on his counsel's alleged absence during a pretrial settlement conference. Julio had a Sixth Amendment right to effective assistance of counsel in the plea negotiation process as plea negotiations are a "critical stage" of criminal proceedings. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). To make an ineffective assistance of counsel claim and establish prejudice in the plea context, Julio must show that, but for the ineffective advice of counsel, there is a reasonable probability that Julio would have accepted the plea offer and it would have been presented to the court. *Id*. at 164.

Even assuming that Julio was not represented by counsel at the settlement

5

conference and that counsel's absence would constitute deficient performance under *Strickland*, Julio's claim fails because he cannot show prejudice. Julio claims he would have accepted the government's plea offer but for the Magistrate Judge's offensive and upsetting comments made during the settlement conference. But Julio does not explain how his counsel's presence would have shielded him from or changed his reaction to the Magistrate Judge's comments. Moreover, Julio had approximately a year after the settlement conference during which he could have decided to take the plea offer once his feelings toward the Magistrate Judge's behavior lessened. Julio's second, later-appointed counsel also submitted an affidavit in which she states that she advised Julio of the benefits of the plea offer and that it was available to Julio. Julio contends in his declaration that his counsel did not advise him about the plea offer. His allegations, however, when viewed against the record as a whole, are "palpably incredible or patently frivolous." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Based on the evidence of counsel's multiple meetings with Julio and the Magistrate Judge's discussions with the defendants in this case, it is not believable that Julio was unaware of the potential benefits of the plea agreement. The record does not support that but-for Julio's counsel presumed absence at the settlement conference, Julio would have accepted the government's plea offer. Thus, Julio has failed to show prejudice. This claim is denied.

4.     The first uncertified claim pertains to both defendants. Julio and Sergio claim that the district court erred in not conducting an evidentiary hearing on their claims that the Magistrate Judge impermissibly participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11 when the Magistrate Judge held a settlement conference with various defendants, which the defendants argue prejudiced them.

We review the denial of a motion for an evidentiary hearing for an abuse of discretion. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). "A district court must grant a federal habeas petitioner's motion for an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. at 824 (quoting 28 U.S.C. § 2255). "Although section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *Id*. (quoting *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir. 1996)).

Here, the Magistrate Judge conducting a settlement conference, absent a clear waiver by defendants, violated Julio and Sergio's right to be free from judicial interference into plea negotiations under Rule 11. *See United States v. Myers*, 804 F.3d 1246, 1253, 1255–56 (9th Cir. 2015). However, it is not reasonably probable that but for the improper judicial interference, Julio and

Sergio would have proceeded differently by accepting the government's plea offer. *See United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013). As stated, significant time passed between when the settlement conference took place and when the initial trial began, and there were several intervening events that undermine a causal link between the Rule 11 violation and the defendants' decision to not accept the plea deal. During the year, both defendants had time to speak with their attorneys and consider whether they wanted to accept the plea. It is "palpably incredible" that it was solely the Magistrate Judge's interaction with the defendants in the settlement conference that led to their decision to not take the plea in light of the record here. *See Schaflander*, 743 F.2d at 717. Because the record shows that the defendants would not have been entitled to relief on this claim because they cannot show prejudice, the district court did not abuse its discretion in denying defendants' motion for an evidentiary hearing. This claim is denied.

5.      The second uncertified claim pertains to Julio. Julio contends that the district court erred in not conducting an evidentiary hearing on his claim that his attorney failed to render effective assistance in advising him regarding the plea offer, thereby leading to his rejection of the plea offer. Julio again fails to demonstrate prejudice because he cannot show that but for the alleged ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court. *Lafler*, 566 U.S. at 162–64. In his briefing, Julio

8

provides no specific factual allegations as to how his counsel's alleged general failure to advise him led to his rejection of the plea offer. Because Julio fails to make any specific factual allegations, he fails to show how he might be entitled to relief. *See* 28 U.S.C. § 2255; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). Accordingly, the district court did not abuse its discretion by not holding an evidentiary hearing. This claim is denied.

6.      In the third uncertified claim, Sergio contends ineffective assistance of counsel on the part of his trial counsel for failing to raise the double jeopardy issue discussed above. As stated, Sergio is entitled to relief on the double jeopardy issue.

7.      The fourth uncertified claim pertains to Sergio. He argues that the district court erred in not conducting an evidentiary hearing on Sergio's claim that his counsel was ineffective by failing to adequately advise him of the benefits of the government's plea offer. On the record before us, Sergio's prior counsel only submitted answers to government interrogatories that do not appear to be sworn statements. We have previously required that, at a minimum, district courts should at least require the government to produce sworn statements from a defendant's attorney to clarify issues arising from ineffective assistance claims. *See United States v. James*, 8 F.3d 32 (9th Cir. 1993) (unpublished).

However, here, despite the lack of sworn attorney statements, on the record as a whole, Sergio's claims are "palpably incredible or patently frivolous."

*Schaflander*, 743 F.2d at 717. Sergio claims that he was never told about the basic elements of his criminal charges, the evidence of the government's case, and the benefits of the plea offer. These allegations are palpably incredible in light of the multiple attorney statements in this case, the evidence that Sergio was aware of the plea offer for a long period of time, and that he was involved in discussions about his case with his family members who were also co-defendants. In light of this record, Sergio's assertions as to his total lack of advice regarding the plea agreement are not believable. Therefore, his allegations do not show he would be entitled to relief, and he is not entitled to an evidentiary hearing. *See Leonti*, 326 F.3d at 1116. This claim is denied.

**AFFIRMED in part, REVERSED and REMANDED in part. We REVERSE and REMAND as to the second certified claim regarding Sergio's double jeopardy claim. Specifically, we reverse and remand Sergio's convictions on Counts 1, 3, and 11 for the district court to hold a hearing and then make a discretionary determination as to which conviction or convictions should be vacated. Upon vacating, the court should reconsider the sentence imposed on Sergio.**