**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30070 |
| Plaintiff - Appellee, | D.C. No. CR-09-0194- RSM |
| v. | |
| BRIAN BRIMM FALETOGO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 15, 2011[**]
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Brian Brimm Faletogo ("Faletogo") appeals his conviction, pursuant to a

plea of guilty, and sentence of 78 months' imprisonment, imposed for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

**1.** Faletogo has not demonstrated a fair and just reason for withdrawing his guilty plea. See Fed. R. Crim. P. 11(d)(2)(B). Faletogo's post-plea suggestion that his admitted conduct may not qualify as knowing possession of a firearm, based only on "his own inaccurate interpretation of the law" does not constitute a fair and just reason for withdrawing his plea. United States v. Jones, 472 F.3d 1136, 1141 (9th Cir. 2007). "To establish that a defendant acted knowingly, the prosecution . . . need only prove that the defendant consciously possessed what he knew to be a firearm." United States v. Nevils, 598 F.3d 1158, 1163 (9th Cir. 2010) (internal quotation marks omitted). Faletogo admitted that his attorney explained the law and he simply had a "problem" with it.

**2.** Faletogo contends that the district court erred in applying a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6), for using the gun in connection with an assault, because, he claims, he did not use or threaten to use the gun in connection with an assault. In the context of application of the Sentencing Guidelines, "we review for clear error the district court's finding[s] of fact." United States v. Laurienti, 611 F.3d 530, 552 (9th Cir. 2010). The district court's factual finding that Faletogo pointed the gun at his brother was not clearly erroneous; the court further found that the facts were proved by clear and

2

convincing evidence.[1] See United States v. Santos, 527 F.3d 1003, 1009 (9th Cir. 2008) ("[W]e give special deference to the district court's credibility determinations.") (internal quotation marks omitted). Because Faletogo does not argue that, under these facts, he does not qualify for a four-level sentencing enhancement under § 2K2.1(b)(6), his argument that he should not have received the enhancement fails.

3.     Faletogo has also failed to demonstrate that the district court's upward departure rendered his sentence substantively unreasonable. "'[A]ppellate courts must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Dewey, 599 F.3d 1010, 1016 (9th Cir. 2010) (quoting United States v. Autery, 555 F.3d 864, 872 (9th Cir. 2009)). On the record before us, the district court's conclusion that Faletogo's violent history warranted an upward departure was not an abuse of discretion. Cf. United States v. Ellsworth, 456 F.3d 1146 (9th Cir. 2006).

The judgment of the district court is

**AFFIRMED.**

---

[1]     Accordingly, Faletogo's argument that the district court should have applied the clear and convincing evidence standard, see, e.g., United States v. Mezas de Jesus, 217 F.3d 638 (9th Cir. 2000), is immaterial.

3