**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30010 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00201-MO-1 |
| v. | |
| BULMARO LEPEZ-ALVAREZ, AKA Leopoldo Fuentes Carrillo, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 11, 2011
Portland, Oregon

Before: GOODWIN, PREGERSON, and M. SMITH, Circuit Judges.

Bulmaro Lepez-Alvarez appeals his convictions and 360-month sentence for

delivery of cocaine and delivery of 5 grams or more of actual methamphetamine.

We affirm the convictions and the sentence.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1. Self-Representation**

Contrary to Lepez-Alvarez's claim, the district court did not interfere with his right to represent himself. A defendant who is not competent to stand trial is also not competent to waive counsel and represent himself. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). Given the affidavit from Lepez-Alvarez's attorney and the psychologist's report and testimony, the district court had reason to doubt Lepez-Alvarez's competence to stand trial. Thus, the district court properly ordered a competency hearing before ruling on Lepez-Alvarez's motion for self-representation. *See United States v. Purnett*, 910 F.2d 51, 55 (2d Cir. 1990) ("Logically, the trial court cannot simultaneously question a defendant's mental competence to stand trial and at one and the same time be convinced that the defendant has knowingly and intelligently waived his right to counsel.").

Once Lepez-Alvarez's competence was established, the district court did nothing to interfere with his right to represent himself. The court directly asked Lepez-Alvarez if he still wished to represent himself, and Lepez-Alvarez responded that the matter was settled and he would proceed with his attorney.

**2. Search Warrant**

The search warrant satisfies the requirements of the Fourth Amendment. The investigating detective's affidavit is incorporated by reference into the

warrant, and thus may be read along with the warrant to cure any deficiencies in the warrant itself. *See United States v. SDI Future Health, Inc.*, 568 F.3d 684, 699 (9th Cir. 2009). The affidavit makes clear that the "prohibited conduct" referred to in the warrant is limited to the specific crimes of possession and distribution of cocaine and methamphetamine. Therefore, the warrant is not overbroad. *Cf. United States v. Bridges*, 344 F.3d 1010, 1018 (9th Cir. 2003) (invalidating a warrant in part because it failed to specify the crimes the defendants were alleged to have committed). We reject Lepez-Alvarez's additional arguments that the language of the warrant is unclear or overbroad.

**3. Sentencing**

The district court committed no procedural error in sentencing Lepez-Alvarez. The district court's explanation for its sentence more than satisfied the minimal requirements for a within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

As to whether the sentence was substantively reasonable, "[w]e recognize that a Guidelines sentence 'will usually be reasonable.'" *Id.* at 994 (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). Lepez-Alvarez has cited no authority that compels us to deviate from this general approach. Even if we were to consider his three prior felony drug convictions "low-level," as he suggests, that would not

3

change his career-offender status. *See United States v. Dewey*, 599 F.3d 1010, 1017 (9th Cir. 2010). Thus, we hold that Lepez-Alvarez's sentence was both procedurally correct and substantively reasonable.

**AFFIRMED.**