**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10556 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00026-MWB-2 |
| v. | |
| JULITA ALDAN SABLAN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10557 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00004-MWB-1 |
| v. | |
| JULITA ALDAN SABLAN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Mark W. Bennett, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 15, 2012[]
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Julita Aldan Sablan appeals her sentence of 70 months for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Appeal No. 10-10556) and a consecutive 15-month sentence for violation of the terms of her supervised release (Appeal No. 10-10557).  As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court followed all required procedures in announcing Sablan's sentence for her conviction under 21 U.S.C. § 841(a)(1).  The court explained its initial calculation of the applicable guidelines range during the November 12, 2010 sentencing hearing, and it confirmed that the parties understood that calculation at the inception of the November 16th hearing.  The court sufficiently responded to all of Sablan's arguments for a downward variance as they applied to 18 U.S.C. § 3553(a) sentencing factors, and did in fact impose a below guidelines sentence.  The court explained that Sablan's argument that the U.S. Probation Office had

_____

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failed to give her requested relocation assistance did not justify a further downward variance because "I also have to balance that this is your third felony drug offense in Federal Court, and while I believe that you want to change, the bottom line is you haven't made any changes." The whole of the court's comments concerning the Government's previous willingness to dismiss charges against Sablan makes clear that the court did not erroneously believe it lacked authority to consider the Government's changing posture as a factor in sentencing.

The court's sentence was also substantively reasonable. The court's decision not to award a larger downward variance based on the alleged failure of the Probation Office to provide greater rehabilitation assistance does not approach a "clear error of judgment." United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055 (9th Cir. 2009). The application of the career criminal enhancement to Sablan was also reasonable. The career offender enhancement is not reserved for "major dealers" and Sablan's below-guideline sentence "cannot be deemed unreasonable when [her] prior felony offenses bring [her] within the Guidelines as a career offender." United States v. Dewey, 599 F.3d 1010, 1017 (9th Cir. 2010). Further, the court did reduce Sablan's sentence to reflect the unusually low quantity of drugs at issue. First, it determined that her original criminal history category substantially over-represented her criminal history and reduced it one

level.  Second, the court granted a variance to twenty months below the bottom-of-the-guidelines sentence because of the small quantity.

Finally, Sablan's sentence for the violation of supervised release was also substantively reasonable.  The court followed the Guidelines and their rationale in running Sablan's sentences consecutively, in order to ensure that Sablan was "punished both for breaching the court's trust <u>and</u> for the new criminal conduct, as each act is separately and distinctly offensive." <u>United States v. Simtob</u>, 485 F.3d 1058, 1063 (9th Cir. 2007).  The court properly noted that Sablan had committed the same offense for which she was already on supervised release.  That factor was relevant because a "[a] violator who, after committing an offense and being placed on supervised release for that offense, again commits a similar offense is not only more likely to continue on that path, but also has demonstrated to the court that the violator has little respect for its command." <u>Id.</u>  The court's explanation makes clear that it appropriately considered Sablan's underlying offense in order to calculate the likelihood of recidivism and evaluate the scope of the breach of trust. <u>See</u> <u>id.</u>

AFFIRMED.