NOT FOR PUBLICATION

FILED

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MANUEL MAGANA, a.k.a. Porks,<br><br>Defendant - Appellant. | No. 12-50131<br><br>D.C. No. 2:09-cr-00939-GW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Manuel Magana appeals from the district court's judgment and challenges

the 144-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute cocaine base in the form of crack cocaine,

methamphetamine, cocaine, and heroin, in violation of 21 U.S.C. § 846.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Magana contends that the district court erred by not realistically considering his individual situation or the underlying offense conduct and by observing that his offense would potentially carry a life sentence in state court. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record belies Magana's contention that the district court failed to consider his circumstances or the offense conduct. *See United States v. Treadwell*, 593 F.3d 990, 1013 (9th Cir. 2010) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them." (citation omitted)). Moreover, any alleged error in the district court's observation regarding the potential state sentence was harmless. *See United States v. Leasure*, 319 F.3d 1092, 1098 (9th Cir. 2003) ("A sentencing error is harmless if the district court 'would have imposed the same sentence absent the errors.'" (citation omitted)).

Magana also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Magana's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 144-month below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of Magana's current offense and the extensiveness and seriousness of his prior criminal history. *See id.*;

*United States v. Dewey*, 599 F.3d 1010, 1017 (9th Cir. 2010).

Finally, Magana waived his challenge to the career-offender designation. *See United States v. Gomez-Mendez*, 486 F.3d 599, 606 n.10 (9th Cir. 2007) ("[A]n issue raised for the first time in a letter of supplemental authorities under Fed. R.App. 28(j) is ordinarily deemed waived.").

**AFFIRMED.**

12-50131