FILED

APR 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50291 |
| Plaintiff - Appellee, | D.C. No. CR 08-1318-ODW-1 |
| v. | MEMORANDUM[*] |
| JEFF MCGRUE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted March 3, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendant Jeff McGrue ("McGrue") appeals his conviction and sentence on

four counts of mail fraud and four counts of passing fictitious government

obligations. Finding no error, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The search of McGrue's bag during his arrest at Sea-Tac Airport and the resulting seizure of McGrue's papers, identification cards and computer did not violate the Fourth Amendment. The search was properly conducted as a search incident to arrest. *United States v. Turner*, 926 F.2d 883, 887-88 (9th Cir. 1991). Moreover, the subsequent search of McGrue's computer does not implicate the decision in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010), as the search was conducted in accordance with a valid warrant and its scope was not overbroad. *See United States v. Schesso*, 730 F.3d 1040, 1049-50 (9th Cir. 2013).

**2.** The district court did not plainly err in admitting evidence of McGrue's false identification cards or other exhibits related to false financial instruments under Federal Rule of Evidence 403. The probative value of this evidence outweighed any prejudicial impact. *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011). Likewise, the district court did not abuse its discretion in admitting evidence under Rule 404(b) of McGrue's prior bankruptcy and a prior mortgage foreclosure assistance program that McGrue conducted. Both were "inextricably intertwined" with the mortgage foreclosure scheme for which McGrue was charged and convicted. *See United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). McGrue's argument that the expert testimony of Matthew

Johnson was improperly admitted under Rule 703 is also without merit.  *See Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir 2001).

**3**. The district court did not err in failing to instruct the jury as to McGrue's good faith defense.  "[A] criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged . . . ."  *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).  Here, the jury was properly instructed that it had to find beyond a reasonable doubt that McGrue "acted with intent to defraud, that is, the intent to deceive or cheat."

Further, the court's jury instruction relating to 18 U.S.C. § 514 was not plainly erroneous.  The instruction varied from the wording of the statute only to the extent that it referred to fictitious instruments purporting to be "used under the authority of the United States," as opposed to "issued under the authority of the United States."  *See* 18 U.S.C. § 514(a).  Although the jury instruction did not recite the exact text of the statute, it adequately reflected the purpose and requirements of § 514(a), which seeks to criminalize the use of fictitious documents that an average citizen would interpret as an authentic financial obligation.  *See United States v. Howick*, 263 F.3d 1056, 1067-68 (9th Cir. 2001).

McGrue's other objections to the district court's jury instructions are without merit.

**4**. Substantial evidence supports McGrue's convictions under 18 U.S.C. § 514(a). *See United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir. 2001). The government provided extensive expert testimony that McGrue's bonded promissory notes ("BPNs") were indicative of a fictitious government obligation, including that they directed banks to pursue payment, via the note, from the Department of the Treasury. Further, the testimony of multiple witnesses and McGrue's co-defendants established that McGrue purported to own an account with the Department of the Treasury through which mortgage payments could be withdrawn. In light of all the evidence, a rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt. *See Bazuaye*, 240 F.3d at 863.

**5**. McGrue's claims of prosecutorial misconduct are without merit. "[A] prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (internal quotations and citations omitted). Here, McGrue alleges no facts to support an

argument that he was subjected to comments or actions of the prosecutor so improper as to render his conviction a denial of due process.

**6**. "'As a general rule,' we do not review ineffective assistance of counsel claims on direct appeal." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005)). The only exceptions to this rule are "'in the unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *Id.* (quoting *Jeronimo*, 398 F.3d at 1156). We decline to review McGrue's ineffective assistance of counsel claim here because neither exception applies.

**7**. The reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We consider (1) whether there was procedural error in sentencing and (2) whether the sentence is substantively reasonable. *Id.* The district court did not commit procedural error in calculating the intended loss from McGrue's mortgage foreclosure scheme. A proper calculation of loss may be based on the intended loss "if the intended loss can be determined and is greater than the actual loss." *United States v. W. Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 991 (9th Cir. 2001); U.S. S.G. § 2B1.1

cmt. n.3(A)(ii). Here, the district court's loss calculation was properly based on the value of the fictitious instruments McGrue intended to use. Moreover, the district court did not abuse its discretion in failing to credit McGrue for the "fair market value" of services he allegedly provided to victims because such credit does not apply "if the 'value' to the victim is merely a part of the fraudulent scheme . . . ." *United States v. Sayakhom*, 186 F.3d 928, 947 (9th Cir. 1999).

The district court did not commit procedural error in applying a two-level enhancement on the basis of a substantial part of McGrue's scheme occurring outside of the United States. *See* U.S.S.G. § 2B1.1(b)(10). McGrue resided in Panama during a good part of the scheme, and conducted and oversaw much of the scheme's operations from Panama. *See United States v. Ladum*, 141 F.3d 1328, 1344 (9th Cir. 1998). Further, McGrue's arguments that the district court committed procedural error in calculating the number of victims and applying a leadership role enhancement are without merit.

We also find McGrue's 300-month sentence substantively reasonable. Review of a sentence for substantive reasonableness requires examination of the length of the sentence in the context of the facts of the case and the factors that must be considered under 18 U.S.C. § 3553(a). *United States v. Dewey*, 599 F.3d 1010, 1016 (9th Cir. 2010). McGrue provides no convincing argument why the

district court's 300-month sentence is unreasonable in light of the facts and circumstances of his case.

**8**. McGrue was not denied his constitutional right to self-representation. *See Faretta v. California*, 422 U.S. 806, 807(1975). A waiver of right to counsel must be made "knowingly and intelligently," with an awareness of "the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id*. at 835 (internal quotations and citations omitted). Here, when McGrue inquired about self-representation at sentencing, the district court conveyed to McGrue the gravity of a decision to proceed pro se and the possible effects of such a decision. The court also provided McGrue with an opportunity to review all relevant sentencing materials. The court then confirmed with McGrue that he wanted to proceed with the assistance of counsel. In these circumstances, McGrue was not denied his right to self-representation.

**AFFIRMED.**