**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10267 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00279-JAD-PAL-2 |
| v. | |
| FEDEL EZEKIEL SAKERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 10, 2019
Submission Withdrawn June 27, 2019
Resubmitted February 8, 2021
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

Fedel Sakers appeals his conviction for Hobbs Act robbery under 18 U.S.C.

§ 1951 and for brandishing a firearm in furtherance of a crime of violence under 18

U.S.C. § 924(c)(1)(A)(ii). Sakers was accused of using a gun to rob a jewelry store

and pled guilty without the benefit of a plea bargain. Sakers was compelled to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

testify against his codefendant and refused to do so. On this basis, the district court added two points to Sakers's adjusted offense level for obstruction of justice at sentencing and declined to deduct two points for acceptance of responsibility. On appeal, Sakers argues that these applications of the Sentencing Guidelines were erroneous and that the second count of his conviction should be reversed because Hobbs Act robbery is not a crime of violence predicate for § 924(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not err in imposing additional points for obstruction of justice under U.S.S.G. § 3C1.1. Sakers first contends that the process in this case, in which Sakers made no attempt to deny his involvement in the crime but was nonetheless granted immunity and compelled to implicate someone else, "belies the policy and purpose of immunity." We review a challenge to the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Dewey*, 599 F.3d 1010, 1014 (9th Cir. 2010). Here, Sakers was granted immunity to completely insulate him from any criminal consequences for his testimony, which is sufficient to override his right to refuse testimony. *See Kastigar v. United States*, 406 U.S. 441, 453 (1972) ("[The] sole concern [of the Fifth Amendment privilege] is to afford protection against being 'forced to give testimony leading to the infliction of penalties affixed to . . . criminal acts.'

2

Immunity from the use of compelled testimony . . . affords this protection.")
(citations omitted).

Sakers further argues that his refusal to answer questions about his codefendant did not amount to obstruction of justice. "The district court's characterization of a defendant's conduct as obstruction of justice within the meaning of § 3C1.1 is reviewed *de novo*." *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). We have already held that refusal to testify at a codefendant's trial after being given immunity amounts to obstruction of justice in *United States v. Morales*, 977 F.2d 1330, 1331 (9th Cir. 1992). Because Sakers does not distinguish *Morales*, there is no basis for departing from it in this case.

Second, the district court did not err in denying Sakers a two-point reduction in his adjusted offense level for acceptance of responsibility. The district court's determination whether a defendant is entitled to a reduction for acceptance of responsibility "is a factual determination reviewed for clear error." *United States v. Doe*, 778 F.3d 814, 821 (9th Cir. 2015) (quoting *United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010)). The Sentencing Guidelines state that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," the court must "decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). The comments to the Sentencing Guidelines further note that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of

3

Justice) ordinarily indicates that the defendant has not accepted responsibility," although they contemplate the possibility of "extraordinary cases in which adjustments under both [provisions] may apply." *Id.* cmt. n.4.

Relying on *United States v. Hopper*, 27 F.3d 378 (9th Cir. 1994), Sakers argues that this is just such an extraordinary case. The kinds of extraordinary cases contemplated by *Hopper*, however, are those in which "a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice." *Id.* at 383. Here, Sakers's obstruction occurred after he had accepted responsibility for the crime, such that while he was willing to admit he had committed the crime, he was unwilling to tell the full truth about his codefendant's participation in the crime. Not only did Sakers decline to assist in the prosecution of his codefendant. He also violated an independent legal duty to testify fully and honestly with respect to the crime he committed. We cannot say that the district court clearly erred in refusing to treat this case as "extraordinary."

Finally, the district court did not err in concluding that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c). *See* 18 U.S.C. § 924(c)(A). To determine whether Hobbs Act robbery qualifies as a crime of violence predicate for the second count of Sakers's conviction, we must apply the categorical approach, "compar[ing] the elements of the statute forming the basis of

4

the defendant's conviction with the elements of the 'generic' crime," a crime of violence in this case. *Descamps v. United States*, 570 U.S. 254, 257 (2013). We recently "reaffirm[ed] that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *see also United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). Because Sakers did not show there is "a realistic probability, not a theoretical possibility, that the [government] would apply its statute to conduct" not encompassed by the statutory definition, *Moncrieffe v. Holder*, 569 U.S. 184, 206 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)), we see no reason to stray from that holding here.

**AFFIRMED.**