NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10068 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00114-JCM-NJK-1 |
| v. | |
| MIGUEL MURILLO-RAMOS, AKA Giovanni Alberto Murillo, AKA Miguel Antonio Murillo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[**] District Judge.

Appellant, Miguel Murillo-Ramos, is a native and citizen of Mexico who came to the United States early in his infancy. On November 10, 2010, Appellant was convicted of Robbery and Battery with Use of Deadly Weapon and sentenced

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

to a minimum of 26 months and a maximum of 120 months in custody. After completion of his sentence, Appellant was removed to Mexico on January 17, 2015.

On November 8, 2017, Appellant was arrested by Immigration and Customs Enforcement Agents in Las Vegas. On August 6, 2018, Appellant pled guilty to another felony Illegal Reentry charge. On November 5, 2018, a district court sentenced Appellant to eighteen months in prison, followed by three years of supervised release. On April 6, 2019, the defendant was once again removed from the United States to Mexico.

On June 3, 2020, Appellant was indicted for being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Appellant pled guilty without a plea agreement. The district court sentenced Appellant to prison for 46 months followed by three years of supervised release with standard conditions. Appellant appeals his 46-month prison sentence and the imposition of three years of supervised release with standard conditions.

On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *Gall v. United States*, 552 U.S. 38, 51 (2007). When an appellant does not challenge an alleged procedural error below, this Court reviews for plain error. *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013). Plain error review requires initially

2

three things to be determined, followed by a discretionary decision. "First, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain—that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (citation omitted). When those elements of plain error have been established, we then have discretion whether to recognize the plain error. *Id*.

First, Appellant argues that the district court "procedurally err[ed] by failing to explain its analysis of the mitigating arguments" because the district court did not specifically address each of Appellant's mitigating arguments.

Any sentence imposed must not be greater than necessary to fulfill the sentencing purposes of 18 U.S.C. § 3553(a). When issuing a sentence, the district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . ." *Id*. § 3553(c). When a district court pronounces its sentence, it need not go into a detailed line-by-line review of mitigating arguments. *Carty*, 520 F.3d at 992–93. A district court must explain a sentence sufficiently to permit meaningful appellate review. *Id*. at 993. The district court must set "forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Appellant's contention that the district court did not consider his mitigating arguments fails. Review of the sentencing decision and the transcript of the hearing shows that the district court properly considered the sentencing factors after hearing arguments from both the government and the Appellant's attorney before issuing its sentencing decision. Especially important is the fact that Appellant reentered the United States illegally on at least two prior instances. Given the deference afforded to the district court's sentencing decisions, *United States v. Dewey*, 599 F.3d 1010, 1016 (9th Cir. 2010), Appellant's sentence is proper and will not be disturbed.

Next, Appellant argues that the district court's imposition of three years of supervised release was unreasonable. We disagree.

"The court, in imposing a sentence . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). However, "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). Application Note 5 explaining Section 5D1.1(c), states that a court "should . . . consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."

U.S.S.G. § 5D1.1 cmt. n.5. "[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole." *Carty*, 520 F.3d at 992.

In this case, the district court's imposition of supervised release was proper as an added level of deterrence based on Appellant's history of prior illegal reentries. With each arrest, Appellant represented to a court of law that he would not return to the United States after removal, yet Appellant continued to do so knowing that his reentry was unlawful. The district court's imposition of supervised release was a proper exercise of discretion.

**AFFIRMED.**